**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX ELISEO SANCHEZ MENDEZ, | No. 13-70116 |
| Petitioner, | |
| v. | Agency No. A094-811-946 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 23, 2014[**]

Before:      W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

Alex Eliseo Sanchez Mendez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum and withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Sanchez Mendez does not challenge the BIA's finding of waiver regarding the timeliness of his asylum application. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The BIA did not make any findings regarding past persecution. Sanchez Mendez does not make any arguments that the BIA erred in failing to do so. *See id.*

Substantial evidence supports the BIA's finding that Sanchez Mendez did not show that there is a pattern or practice of persecution against indigenous persons in Guatemala. *See Wakkary*, 558 F.3d at 1060-62 (record did not compel a finding of a pattern or practice of persecution). Substantial evidence also supports the BIA's finding that Sanchez Mendez did not show sufficient individualized risk under a disfavored group analysis to establish it is more likely than not that he would be persecuted in Guatemala. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009); *see also Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Further, substantial

evidence supports the BIA's determination that Sanchez Mendez did not establish a nexus between his fear of gangs and his membership in a particular social group. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  We reject Sanchez Mendez's contention that the BIA improperly or inadequately assessed his arguments regarding the treatment of indigenous people in Guatemala and the prospect of future persecution.  *See Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) (agency "does not have to write an exegesis on every contention") (internal quotation marks and citation omitted).  Finally, because we are reviewing the BIA's decision, we do not reach Sanchez Mendez's contentions of IJ error.  Thus, Sanchez Mendez's withholding of removal claim fails.

      **PETITION FOR REVIEW DENIED.**